UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA  :
:
v.  :  **ORDER**
:
MYKAI DAVIS,  :  14 CR 768-05 (VB)
              Defendant.  :
--------------------------------------------------------------x

      By letter dated July 18, 2020, defense counsel in this now-closed criminal case requests that the Court continue his appointment pursuant to the Criminal Justice Act ("CJA") for the purpose of filing a motion on defendant's behalf under 28 U.S.C. § 2255. (Doc. #471). Counsel contends "unspeakable, inhumane conditions" of defendant's confinement in Bureau of Prisons custody violated defendant's Eighth Amendment rights.

      A party may file a Section 2255 motion to challenge the "imposition" of a sentence. See Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997) (emphasis in original). Indeed, defendant has already filed a Section 2255 motion, which the Court granted in part and denied in part in an Opinion and Order dated July 30, 2019. (Doc. #382). Following defendant's recent re-sentencing, the Court entered Judgment in the Section 2255 case in accordance with the July 30, 2019, Opinion and Order. (See 18 CV 1308, Doc. # 64).

      Defense counsel's letter does not suggest defendant seeks to challenge the imposition of his sentence. Rather, the letter suggests defendant may seek to bring civil claims under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), for alleged violations of his constitutional rights. CJA does not authorize appointment of counsel for the purpose of prosecuting a Bivens action. See 18 U.S.C. § 3006A(a)(1).

CJA does authorize the appointment of counsel for a Section 2255 motion, but only when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Here, defendant does not have a pending Section 2255 motion, nor has he demonstrated that such a motion "seems likely to be of substance" and therefore that counsel should be appointed. Mason v. United States, 2009 WL 1250158, at *2 (S.D.N.Y. May 6, 2009) (quoting Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)).

Accordingly, defense counsel's request is DENIED.[1]

Dated: July 22, 2020
       White Plains, NY

SO ORDERED:

*[signature]*

Vincent L. Briccetti
United States District Judge

---

[1] Defense counsel also requests the Court appoint Jennifer Wynn, in her expert capacity as a social worker, to assist defense counsel in connection with the Section 2255 motion he apparently intends to file. There being no basis for such an appointment, that application is DENIED as well.

2