```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA                  :
                                          :
v.                                        :        ORDER
                                          :
MYKAI DAVIS,                              :        S2 14 CR 768-05 (VB)
                    Defendant.            :
--------------------------------------------------------------x
```

On July 10, 2020, having previously granted in part defendant Mykai Davis's Section 2255 motion, the Court vacated defendant's conviction on Count Two and re-sentenced him on Count One, principally to 100 months' imprisonment, followed by three years of supervised release. An Amended Judgment in a Criminal Case was entered on July 13, 2020. (Doc. #469). Although the Court had ordered restitution in the amount of $12,872 when it imposed the original sentence in this case on July 14, 2017 (Docs. ##265, 266), at the time of re-sentencing, the Court declined to order restitution. The Court explained that it was not ordering restitution because, in light of defendant's financial circumstances and longstanding mental health problems, there was no way defendant could pay that amount (i.e., $12,872) in any reasonable time period or maybe even the rest of his life, and a restitution order of that magnitude would serve only to burden his re-entry into society.

By letter dated July 23, 2020, the government requests that the Court reconsider its decision not to order restitution, although the government "recognizes the concerns that animated the Court's decision." (Doc. #475). The government argues that under the Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A-3664, restitution in this case is mandatory, and that the Court's stated objective not to impose a financial obligation that would hinder defendant's re-integration into society could be achieved by directing that restitution be paid pursuant to a

minimal payment schedule.  The government does not cite any authority that would allow the Court to reconsider or modify a sentence that has already been imposed.

Having carefully reviewed the government's letter, the Court appreciates that the government's application is made in good faith.  However, in deciding not to impose a restitution obligation of $12,872, the Court believes it did the right and fair thing with respect to this defendant under the unique circumstances of this case.  The Court continues to believe that a financial obligation of that magnitude could not be paid in any reasonable time frame, even if paid on a minimal payment schedule, and would serve only to burden defendant's already difficult re-entry into society.  At the time the Court made its decision, it was thinking not only about what was in the defendant's best interest, but also what was in the community's best interest, namely, to minimize the likelihood that this defendant would commit further crimes of the type underlying the instant conviction.

Accordingly, the government's application is DENIED.

Dated: July 28, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge