UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,

v.

MYKAI DAVIS,
                          Defendant.
--------------------------------------------------------------x

**ORDER**

14 CR 768-5 (VB)

Copies Mailed/Faxed 11-13-20
Chambers of Vincent L. Briccetti

      Defendant has filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. #506).

      Section 3582(c)(1)(A) contains an explicit exhaustion requirement: "[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction."

      Defendant asserts that "[b]efore bringing this motion . . ., defendant first requested a motion for compassionate release through the warden and or the defendant's unit team at the institution that defendant is held in." (Doc. #508 at ECF 4). However, defendant has not said when he made such a request, or whether it was denied, or whether he administratively appealed the denial of the request, or how much time has elapsed since he made such a request. Nor has he attached any documentation or proof that he made such a request and that it was denied. In short, it is not clear that he has properly exhausted his administrative remedies before filing the instant motion.

      By December 4, 2020, the government is directed to file its response to defendant's motion. The government is directed to address both the exhaustion issue as well as the merits of the motion.

      As an additional matter, although it is not clear defendant is requesting the appointment of counsel for this matter, to the extent he is requesting the appointment of counsel, that request is DENIED. "There is no constitutional [or statutory] right to counsel for a motion for a reduction of sentence pursuant to § 3582(c)." United States v. La Rosa, 2016 WL 5921827, *2 (S.D.N.Y. Oct. 11, 2016) (citing United States v. Reddick, 53 F.3d 462, 464–65 (2d Cir. 1995) (holding there is no statutory right to counsel for a motion for reduction of sentence under the Criminal Justice Act). Rather, whether to appoint counsel is subject to the Court's discretion. (Id.). Here, defendant has submitted a detailed motion for compassionate release, including multiple exhibits, and the Court sees no reason to appoint counsel at this time.

      Finally, defendant has requested that the Court "relieve counsel [Guy Oksenhendler, Esq.] especially for purposes of appeal [where] 'ineffective assistance of counsel is being pursued.'" Defendant has filed a notice of appeal from the Amended Judgment dated July 10,

1

2020. Thus, any request with regard to his attorney on that appeal must be addressed to the U.S. Court of Appeals for the Second Circuit, not to this Court.

Chambers will mail a copy of this Order to defendant at the following address:

Mykai Davis, Reg. No. 71995-054
MCC New York
Metropolitan Correctional Center
150 Park Row
New York, NY  10007

Dated: November 13, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge