UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,           :
                                    :     **ORDER**
v.                                  :
                                    :     14 CR 768-5 (VB)
MYKAI DAVIS,                        :
                 Defendant.         :
--------------------------------------------------------------x

     Now pending is defendant Mykai Davis's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (Doc. #506).

     For the following reasons, the motion is DENIED.[1]

     First, Davis's offense was exceptionally serious.  In 2016, he pleaded guilty to participating in a racketeering conspiracy, and possessing firearms in relation thereto.  Specifically, he had a leadership role in a violent street gang in Yonkers which engaged in multiple armed robberies, many of which Davis planned and orchestrated.  On July 14, 2017, the Court sentenced Davis to 60 months' imprisonment on each count, to run consecutively, for a total term of imprisonment of 120 months.  On July 10, 2020, after his conviction on the firearms count was vacated in the wake of United States v. Davis, 139 S. Ct. 2319 (2019), Davis was resentenced on the racketeering conspiracy count to 100 months' imprisonment, followed by three years of supervised release.  The Court imposed that sentence after carefully considering all the 18 U.S.C. § 3553(a) factors, and despite an applicable Sentencing Guidelines range of 235-293 months.  The principal reasons for the substantial downward variance were that Davis was

---

[1] The government contends Davis has not fully exhausted his administrative remedies and thus the motion should be denied on that basis.  (Doc. #519 at 4).  Davis insists he did exhaust by submitting a request to the warden of his facility in April 2020, but that he has been unable to obtain copies of the relevant documents.  (Doc. #524).  The Court accepts Davis's representation that he did exhaust.  Nevertheless, as set forth below, the motion is denied on the merits.

between the ages of 17 and 19 when he committed the offense and had a bleak upbringing, and because the sentence imposed was in line with other sentences imposed on co-defendants in this case. The Court also noted that Davis had endured harsh conditions of confinement between the time of his initial sentence and his re-sentence, and had expressed sincere remorse. The Court concluded the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant.

Davis has been in custody since his arrest on February 19, 2015. As a result, Davis has served approximately 70 months of his jail sentence, or about seventy percent of the sentence imposed.

Second, Davis has not demonstrated "extraordinary and compelling reasons" to warrant the extraordinary relief being sought—namely, early termination of a lawfully imposed prison sentence—taking into account his medical and mental health history, the BOP's ability to treat his conditions, and his family circumstances. Davis is twenty-five years old. He is not elderly or infirm. His medical records reflect that he is in good physical health apart from complaints about a "mass" in his left breast area. But his medical records also show that in September 2020, against his doctor's advice, Davis refused to attend a scheduled appointment for a sonogram/mammogram, and that he has not been diagnosed with cancer or other serious disease. Moreover, on November 10, 2020, he tested negative for COVID-19. In addition, Davis has had numerous mental health evaluations while in BOP custody. As recently as December 1, 2020, he saw a psychologist who provided "supportive therapy" and "solution focused therapy" to "help validate his frustrations." (Doc. #519-2 at 6).

2

Of course, Davis is at risk of contracting the virus at MCC New York (where he is currently housed) or anywhere else for that matter. However, the Court is aware of BOP's significant efforts to protect inmates and staff from the spread of COVID-19. And, importantly, Davis's health conditions do not significantly increase his risk of contracting COVID-19 or developing heightened complications from it.

Davis also argues he is needed at home to care for his six-year-old child, because of the child's mother neglect. While the Court is sympathetic to Davis's family circumstances, the child is living with Davis's mother and is thus being cared for by a close family member. These circumstances, while unfortunate, are simply not "extraordinary and compelling."[2]

Finally, as required by Section 3582(c)(1)(A), the Court has considered "the factors set forth in section 3553(a) to the extent that they are applicable," none of which supports Davis's early release. The serious nature of Davis's offense warranted a lengthy prison sentence at the time it was imposed; it still does. Moreover, the sentence was designed to promote respect for the law and provide just punishment for the offense; it still does. And shortening Davis's sentence would undermine the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. These sentencing factors not only supported the sentence at the time it was imposed, they also weigh strongly against Davis's early release.

Accordingly, defendant Mykai Davis's motion to reduce his term of imprisonment is DENIED.

---

[2] See U.S. Sentencing Guidelines § 1B1.13 cmt. 1(C) (providing non-binding guidance on "family circumstances" that may be extraordinary and compelling, such as the death or incapacitation of the caregiver of a defendant's minor child, or the incapacitation of a defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner).

3

Chambers will mail a copy of this Order to defendant at the following address:

Mykai Davis, Reg. No. 71995-054
MCC New York
Metropolitan Correctional Center
150 Park Row
New York, NY  10007

Dated: December 28, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge