```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,                  :
                                           :      ORDER
v.                                         :
                                           :      14 CR 768-5 (VB)
MYKAI DAVIS,                               :
                       Defendant.          :
--------------------------------------------------------------x
```

By Order dated December 20, 2020, the Court denied defendant Mykai Davis's motion for compassionate release, see 18 U.S.C. § 3582(c)(1)(A)(i), finding Davis had not demonstrated "extraordinary and compelling" reasons warranting the extraordinary relief being sought—namely, early termination of a lawfully imposed sentence—taking into account Davis's medical and mental health history, the Bureau of Prisons' ("BOP") ability to treat his conditions, and his family circumstances. In denying that motion, the Court also considered the applicable 18 U.S.C. § 3553(a) factors—including the serious nature of Davis's offense, and the need to promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public—all of which weighed strongly against Davis's early release. (Doc. #506).

Davis now moves for reconsideration of the denial of that motion. (Doc. #560). For the following reasons, the motion is DENIED.

First, the relevant background of this case is as follows: Davis had a leadership role in a violent street gang in Yonkers which engaged in multiple armed robberies, many of which he planned and orchestrated. In 2016, Davis pleaded guilty to participating in a racketeering conspiracy, and possessing firearms in relation thereto. On July 14, 2017, the Court sentenced him to 60 months' imprisonment on each count, to run consecutively, for a total term of imprisonment of 120 months. On July 10, 2020, after his conviction on the firearms count was vacated in the wake of United States v. Davis, 139 S. Ct. 2319 (2019), Davis was resentenced on the racketeering conspiracy count to 100 months' imprisonment, followed by three years of supervised release. The Court imposed that sentence after carefully considering all the Section 3553(a) factors, and despite an applicable Sentencing Guidelines range of 235-293 months. The principal reasons for the substantial downward variance were that Davis was between the ages of 17 and 19 when he committed the offense and had a bleak upbringing, and because the sentence imposed was in line with other sentences imposed on co-defendants in this case. The Court also noted that Davis had endured harsh conditions of confinement between the time of his initial sentence and his re-sentence, and had expressed sincere remorse. The Court concluded the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant.

Second, Davis has not offered any new law or evidence that might reasonably be expected to alter the Court's prior decision, nor has he identified any clear error or a need to prevent manifest injustice. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

Specifically, according to Davis's BOP medical records, since December 2020 Davis has been seen by medical personnel on multiple occasions related to the mass in his left breast that he says is causing him pain. Moreover, on August 6, 2021, an outside specialist's examination, as well as a mammogram and an ultrasound evaluation, showed no sign of cancer or malignancy.

Davis argues he is "still at risk" of contracting COVID-19. But he has declined the highly effective COVID-19 vaccine offered by BOP, which undermines that argument. In any event, he is, of course, at risk of contracting the virus while in custody (or anywhere else for that matter). But BOP has made, and is continuing to make, significant efforts to protect inmates and staff from the spread of COVID-19, and currently there are no inmates or staff positive at USP Thomson where Davis is incarcerated. See Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited Sept.7, 2021). And Davis's health conditions (including modest hypertension and being slightly overweight) do not significantly increase his risk of contracting COVID-19 or developing heightened complications from it.

Further, Davis's complaint that he should no longer be in a Special Management Unit plainly does not constitute an extraordinary or compelling reason warranting early release.

Finally, the Court has again considered the Section 3553(a) factors, and again concludes these factors all weigh strongly against Davis's early release.

Accordingly, defendant Mykai Davis's motion for reconsideration of the Court's denial of his motion for compassionate release is DENIED.

Chambers will mail a copy of this Order to defendant at the following address:

Mykai Davis, Reg. No. 71995-054
USP Thomson
U.S. Penitentiary
P.O. Box 1002
Thomson, IL  61285

Dated: September 7, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge